USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHANCE MCCURDY,          :
                         :
                     Plaintiff,          :
                         :        1:17-cv-5168-GHW
        -v -             :
                         :        <u>ORDER</u>
CITY OF NEW YORK, et al., :
                         :
                    Defendants. :
------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

      On October 28, 2019, Plaintiff filed a motion requesting that the Court grant him reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988 as the prevailing party in a suit brought under 42 U.S.C. § 1983. Dkt. No. 172. Plaintiff and Defendant Mitchell agree that Plaintiff's attorney's fees award is capped at 150% of the verdict amount, plus reasonable costs, which in this case amounts to $3,750.00 in attorney's fees and $737.50 in costs. The Court has independently reviewed the billing records submitted by Plaintiff's counsel and finds that those amounts represent a reasonable award of fees and costs.

      The parties' sole point of disagreement regarding Plaintiff's counsel's fee application relates to the amount of Plaintiff's counsel's fee which should be paid by Plaintiff from his damages award. 42 U.S.C. § 1997e(d)(2) states: "Whenever a monetary judgment is awarded in an action [governed by the Prison Litigation Reform Act], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."

      As at least one other court in this district has concluded, "the purpose of the PLRA in discouraging prisoner suits and in requiring that prisoners bear a portion of the cost of litigation points [the Court] to awarding 25% of the judgment as the best means of effectuating that purpose."

*Sutton v. City of Yonkers*, No. 13-cv-801 (GBD) (GWG), 2017 WL 105022, at *10 (S.D.N.Y. Jan. 11, 2017), *report and recommendation adopted in relevant part*, 2017 WL 1180918 (S.D.N.Y. Mar. 29, 2017); *see also Baez v. Harris*, No. 01-cv-0807 (NPM), 2007 WL 4556911, at *1 (N.D.N.Y. Dec. 20, 2007) ("In keeping with the intent of Congress to discourage prisoners from filing frivolous lawsuits by, *inter alia,* requiring that the prisoner contribute part of an award to payment of his attorney's fees, the court finds that an allocation of 25 percent of the . . . compensatory damages awarded to [the plaintiff] is reasonable and appropriate."). Although the Court recognizes that there may be "situations where a lower percentage might be appropriate," *Sutton*, 2017 WL 105022, at *10, here—in a case where Plaintiff decided during trial that he would not appear to testify—the Court concludes that the maximum amount of 25% of the judgment should be applied to Plaintiff's counsel's attorney's fees award.

Accordingly, Plaintiff's application for attorney's fees and costs is granted against Defendant Mitchell in the amount of $4,487.50. Defendant is permitted to apply $650.00 of the judgment amount to satisfy the attorney's fees award. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 172.

SO ORDERED.

Dated: November 25, 2019  
New York, New York  
GREGORY H. WOODS  
United States District Judge

2